IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

SANDI L. FINLEY,

    Plaintiff,

V.                                        CIVIL ACTION NO. 3:07-0721

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## **MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on November 8, 2004, alleging disability as a consequence of back pain, shortness of breath and anxiety. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-four years of age and had obtained an eighth grade education. Her past relevant employment experience consisted of work as a house cleaner. In his decision, the administrative law judge concluded that plaintiff suffers from

back pain and emphysema, impairments which he found to be severe. Though concluding that plaintiff was unable to perform her past relevant work,[1] the administrative law judge determined she had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rule 203.25 of the Medical-Vocational Guidelines[2] and the testimony of a vocational expert, he found her not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff alleges disability commencing November 1, 1999; however, there is no medical evidence in the record prior to when she was seen at Cabell Huntington Hospital after being assaulted by her boyfriend on May 5, 2004.

Before this Court, plaintiff asserts that the administrative law judge failed to properly consider the combined effect of her impairments. Specifically, plaintiff states that the administrative law judge failed to consider her anxiety disorder and borderline intellectual functioning. A review of the decision reveals that, in assessing plaintiff's residual functional capacity, the administrative law judge, in fact, considered the combined effect of her impairments. The administrative law judge found that her anxiety disorder was a non-severe impairment, noting that she has not received any treatment for this disorder and has not taken any prescription medication for a mental disorder. He found no limitation in her activities of daily living, mild limitation in social functioning, and mild limitation in her concentration, persistence and pace. These findings are consistent with the evaluations performed by two state agency psychologists. Based on the foregoing, it is clear that

---

[1] This finding had the effect on shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 3.

substantial evidence supports the Commissioner's decision that her non-severe mental impairments do not impede her ability to perform work.

Plaintiff also asserts that the administrative law judge made a faulty credibility assessment. The regulations describe a two-step process for evaluating symptoms.[3] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[5] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce her alleged symptoms, the administrative law judge found that her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. The administrative law judge made this credibility

---

[3] See 20 C.F.R. § 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

[5] Id.

3

determination after considering the factors listed in SSR 96-7p.[6] In considering the first factor, the administrative law judge noted that plaintiff was able to perform all her household chores, walk to her daughter's home, prepare simple meals, and visit with relatives on a weekly basis. Second, her pain was located through the middle of her back and down her legs and above her waist on the sides. Third, the administrative law judge noted that she reported bending, stooping, and squatting to cause back pain. She has not seen a doctor about her back pain and takes nothing for the pain other than over-the-counter medications, such as Advil or Tylenol, occasionally.

After considering the relevant factors in light of this evidence, the administrative law judge found plaintiff's allegations of disabling pain to be excessive. He noted that plaintiff retained the ability to perform a good range of daily activities, inconsistent with her allegation of disabling pain and shortness of breath. Also, he noted plaintiff has received very minimal treatment and does not take prescription medication for her pain. Her clinical assessments reflect good range of motion, no evidence of tenderness or spasms, normal gait, and no need for an ambulatory assistive device. Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by

---

[6] See also 20 C.F.R. § 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms

4

substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 21, 2009

*[signature: Maurice S. Taylor, Jr.]*

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE